IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Rohan Hanif Blake, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00503 |
| v. | : | Judge Marbley |
| First American, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Rohan Hanif Blake brings this action under 42 U.S.C. § 2000e-5(f) alleging that defendants discriminated against him in his employment because of his race and national origin. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim against the individual defendants and, therefore, recommends their dismissal from this lawsuit.

The complaint alleges subject matter jurisdiction under 42 U.S.C. § 20003-5(f)(1). It alleges that from the time he started working at First American in March 2005

through October 29, 2005, defendants harassed Blake, disciplined him falsely, and falsely accused him.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. Title VII authorized suit against "employers" who discriminate against their employees in their employment because of their race or national origin. Individual supervisors are not "employers' within the meaning of Title VII and cannot be sued for discriminating against employees they supervise. *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1996).

Accordingly, the Magistrate Judge RECOMMENDS that the individual defendants Stacy Spohn, Cindy Smith, and Joshua Shultis be DISMISSED because the complaint fails to state a claim against them under 42 U.S.C. § 2000e-2(a).

IT IS FURTHER ORDERED that plaintiff's application to proceed without

prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

                s/Mark R. Abel
                United States Magistrate Judge